Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Jan M. Conlin (*pro hac vice*)
JMConlin@rkmc.com
Stacie E. Oberts (*pro hac vice*)
SEOberts@rkmc.com
Sharon E. Roberg-Perez (*pro hac vice*)
SERoberg-Perez@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181

**NOTE CHANGES MADE BY THE COURT.**

Attorneys for Plaintiffs
PITNEY BOWES INC. and PITNEY BOWES SOFTWARE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PITNEY BOWES INC., a Delaware corporation; and PITNEY BOWES SOFTWARE INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZUMBOX, INC., a Delaware corporation,<br><br>Defendant and Counter-Claimant. | Case No.  CV09-7373 MMM (RCx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED
PROTECTIVE ORDER

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries.

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Attorneys' Eyes Only" any documents, testimony or other discovery material that contains information of a confidential nature ("confidential information").

2. No designation of confidentiality shall be made unless the designating party (or non-party from whom discovery is sought) believes in good faith that the designated material constitutes a trade secret or other confidential research, development or commercial information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Such material shall include information that is not freely accessible by the public, information to which the producing party's employees have only limited access, and/or information, the dissemination or disclosure of which would present a real or potential economic threat to the producing party.

3. Material designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Attorneys' Eyes Only" shall refer to confidential information (as defined above), and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations

by parties or counsel to or in court or in other settings that might reveal confidential information.

4. Unless and until the Court rules otherwise, material marked as "Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Attorneys of record in this proceeding and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this litigation. As used herein, "attorney" shall mean attorneys of the respective firms who are retained to represent or advise a party to this action;

(b) Any person hired by a party or its attorneys of record in this litigation, including testifying experts, investigators, consulting experts, jury consultants, mock jury members, translators and any other independent consultant, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party (other than as provided for in section 4(c)), and who agrees in writing to be bound by the terms of this Protective Order. Each of these individuals must provide the following information: (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) the individual's CV; (v) any previous or current relationship (personal or professional) with any of the parties; (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (vii) a list of all companies with which the individual has been employed within the last four years and a brief description of the subject matter of the employment; and (viii) a complete and signed Confidentiality Statement, attached hereto as Exhibit A ("Disclosure Notice"). The Disclosure Notice must be served on the producing party before any access is

1  allowed to the producing party's confidential information. Attorneys for the
2  producing party shall have ten (10) business days from the receipt of the Disclosure
3  Notice to object in writing to disclosure of confidential information to the identified
4  expert or consultant. After the expiration of the 10-day period, if no objection has
5  been asserted, then the confidential information may be disclosed pursuant to the
6  terms of this Protective Order. Any objection must set forth in detail the grounds
7  on which it is based. Should the parties disagree with the basis for the objection(s),
8  the disclosing party must first attempt to resolve the objection(s) informally with
9  the objecting party. If the informal efforts do not resolve the dispute within five (5)
10 business days, the disclosing party may file a motion *after fully complying with Local Rule 37,* requesting that the
11 objection(s) be quashed. The objecting party shall have the burden of proof by a
12 preponderance of evidence on the issue of the sufficiency the objection(s). Pending
13 a ruling by the Court upon any such objection(s), the confidential information shall
14 not be disclosed to the person objected to by the objecting party;

15 (c)  Three current employees of a party, including attorneys, all of whom
16 have been previously identified to the producing party and all having first agreed on
17 their own behalf to be bound by the provisions of the Confidentiality Statement
18 attached hereto as Exhibit A;

20 (d)  The authors and original recipients of the documents;

21 (e)  Persons testifying in depositions or in court proceedings provided that
22 (1) such documents or information were authored by, addressed to, or received by
23 such persons or other persons employed by the same entity as such persons, or (2)
24 such documents or information were produced by or obtained from such persons or
25 their employer;

27 (f)  Court reporters employed in this litigation, including their necessary
28 stenographic, videographic and clerical personnel; and

(g) The Court, any juror or any other entity authorized by the Court or required by law.

5. Except as otherwise set forth in this paragraph, material marked or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" shall be disclosed only to those individuals authorized and identified in Paragraph 4(a)-(b) and (d)-(g). No material shall be designated "Highly Confidential – Attorneys' Eyes Only" unless the designated information comprises or contains competitively sensitive information that could be used by the receiving party to obtain a business (not legal) advantage over the producing party, including, but not limited to, the following categories of information:

(a) information related to damages (e.g. sales numbers, profit margins);

(b) any non-public technical information, including schematic diagrams, manuals or other explanations of the operation of the technology.

6. Any source code, register transfer language ("RTL"), hardware description language ("HDL"), executable code which has not been publicly released, or other related material (collectively "Code"), and copies thereof, produced in this matter shall be and is designated as "Highly Confidential Source Code – Attorneys' Eyes Only." Only those individuals authorized and identified in Paragraph 4(a)-(b) and (d)-(g) shall be allowed to access Code or copies of Code and the prohibitions to access to confidential information and Code outlined in Paragraphs 9 and 10 below are specifically incorporated by reference into this paragraph and Paragraph 7.

7. Information, documents and things designated under Paragraph 6 as "Highly Confidential Source Code – Attorneys' Eyes Only" shall be subject to all

[PROPOSED] STIPULATED PROTECTIVE ORDER

the restrictions of confidential information and shall be subject to the following additional restrictions and provisions:

(a) To the extent that a producing party makes available for inspection any source code, the producing party shall make all relevant and properly requested source code available electronically and in text searchable form in a secure room at a secure facility agreed upon by the parties, such agreement not to be unreasonably withheld. The producing party shall make the source code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). The Source Code Computer shall be configured to permit review of the source code through a password-protected account having read-only access. The receiving party may use appropriate tool software on the Source Code Computer, which shall be installed by the producing party, including at least one text editor like Visual Slick Edit that is capable of printing out source code with page and line numbers and file names and paths, and at least one multi-file text search tool such as "dtSearch." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the producing party, and paid for by the receiving party. The review facility will allow for the secure storage of outside electronic devices, as referenced in 7(e);

(b) The producing party shall provide access to the Source Code Computer for eight hours a day, during the normal, business operating hours of the secure facility. Access shall be provided during a reasonable number of days appropriate for the review by the receiving party. A "reasonable number of days" shall be negotiated by the parties and shall take into account the volume and content of any "Highly Confidential Source Code – Attorneys' Eyes Only" material that is

produced. The parties shall split the costs associated with the set-up and inspection of source code at the secure facility;

(c)   Source code shall be produced as an exact copy of the production source code tree. It shall not be produced in a version control system format. The production shall include all files, all libraries and all documentation for any purchased or outside, third-party libraries used. The production shall disclose version numbers of the compilers, interpreters and operating systems that are used to execute the code. In addition, the production of "Highly Confidential Source Code – Attorneys' Eyes Only" material shall be accompanied by a listing of the directory structure of the source code tree and by a complete dump of schema of all databases, database tables and diagrams or other flow charts that show the relationship of various tables to each other, which shall itself be designated either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," at the producing party's option;

(d)   The Source Code Computer shall contain a print folder for the receiving party to designate source code for the producing party to print, and shall be configured to allow the receiving party to create PDFs for printing  The receiving party shall not designate to print any continuous block of source code that results in more than 10 printed pages. Counsel for the producing party will keep one copy of the printouts, and shall provide copies of such printouts to counsel for the receiving party within 48 hours of the receiving party's request to print source code. Counsel for the receiving party may request up to 10 copies of each original printout of source code. The parties agree that no more than 10% or 500 pages, whichever is less, of the total source code (not including copies of the producing party's printouts), or continuous blocks of source code that exceed 10 pages, may be printed at one time. Once the review process has begun, the receiving party may request that additional source code be printed beyond the limits stated herein for

good-cause shown by the receiving party. All printed source code shall be logged by the receiving party as noted in paragraph 7(i) below. No additional electronic copies of the source code shall be provided by the producing party. Hard copies of the source code also may not be converted into an electronic document, except as provided for in 7(g) below, and may not be scanned using optical character recognition ("OCR') technology;

(e) The receiving party is prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room;

(f) If any individual inspecting the producing party's source code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. Any such notes that are made constitute the work product of the reviewer and shall not be disclosed to the producing party except to the extent that said notes are relied upon by the receiving party's expert witness(es). If said notes are relied upon by the receiving party's expert witness(es) in (an) expert report(s), the notes shall then be disclosed to the producing party at the time provided for the exchange of expert reports under this Court's Scheduling Order;

(g) Where absolutely necessary or required by the Court, a receiving party may make further copies of original source code printouts to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions, where such pleadings, expert reports, and transcripts from such depositions are designated "Highly Confidential Source Code –

Attorneys' Eyes Only." In the event copies of source code printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter, and the further copies of the original source code printouts made for the deposition shall be either destroyed or provided to counsel for the producing party at the conclusion of the deposition;

(h) In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not being actively reviewed; and

(i) The receiving party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the source code is provided and when it was provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must serve upon the producing party the log. In addition, any Outside Consultants of the receiving party to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

8. In the event that a producing party elects to produce original documents or other material for inspection, no markings need be made on the documents or material by the producing party in advance of the inspection. During the inspection, such documents or material shall be considered confidential information to the extent and at the level designated by the producing party prior to the inspection. After selection by the inspecting party of specific documents or material for copying, the producing party shall make the appropriate copies, and the

[PROPOSED] STIPULATED PROTECTIVE ORDER

appropriate confidentiality designations shall be placed on the documents or materials before they are provided to the inspecting party.

9. Notwithstanding any provision of this Order, every person of the receiving party who receives and reviews information designated as "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential Source Code—Attorneys' Eyes Only" under this Order is precluded from drafting, prosecuting, or supervising the drafting, prosecution of, or providing (verbally or in tangible form, in whole or in part) Highly Confidential information or Highly Confidential Source Code received under this Order to any person involved in drafting, prosecuting, or supervising the drafting or prosecution of, any patent applications, reissue proceedings or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country, involving any patent or patent application having claims or disclosures related to methods, procedures, or devices that concern the electronic delivery of postal mail. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within four (4) years after the termination of this action.

10. Notwithstanding any provision of this Order, every person of the receiving party who receives and reviews information designated as "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential Source Code—Attorneys' Eyes Only" under this Order, is precluded (unless otherwise agreed to in writing) from performing development work directly or indirectly intended for commercial purposes related to methods, procedures, or devices that concern the electronic delivery of postal mail, or products incorporating such methods, procedures or devices, for a period of four (4) years after the termination of this action. This prohibition shall not preclude such persons from consulting in future litigation, so long as such consulting does not involve development work directly or

indirectly intended for commercial purposes related to methods, procedures, or devices that concern digital document delivery of any type, or products incorporating such methods, procedures or devices.

11. Information disclosed at a deposition (or hearing), as well as through resulting transcripts or exhibits, of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for the purpose of this litigation, or a third party in possession of confidential information of a party, may be designated as "Confidential," "Highly Confidential — Attorneys' Eyes Only," or "Highly Confidential Source Code – Attorneys' Eyes Only" by indicating such designation on the record, subject to the Protective Order, or by following the procedure set forth in paragraph 12 below.

12. Confidential information produced without the appropriate designation of confidentiality may be properly designated subsequent to the production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is subsequently designated, the receiving party shall promptly collect any copies that have been provided to individuals other than those authorized in paragraphs 4, 5 and 6 of this Order.

13. Absent any overriding rules of this Court or orders of this Court, no material containing confidential information shall be filed in the public record of this action. In the event that any document or information that has been designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Attorneys' Eyes Only" is included with, or in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with the Court, such document or information and related material shall be filed under seal with the Court in accordance with Local Rule 79-5.1. Any document or thing

containing confidential information that is to be filed in this litigation must be filed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

14. Inadvertent production of privileged information shall be handled as follows, but this is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a) Pursuant to Federal Rules of Civil Procedure 26(b)(5), immediately upon receiving notice from the producing party that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. The receiving party shall return or destroy (at the producing party's option) the documents or materials and all copies within three (3) business days from receiving notice;

(b) If the receiving party, without notice from the producing party, determines that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall immediately contact the producing party and advise them of the inadvertent disclosure. Pursuant to Federal Rules of Civil Procedure 26(b)(5), the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. In addition, the receiving party shall return or destroy (at the producing party's option) the documents or materials and all copies within three (3) business days from discovery of the inadvertent disclosure;

(c) If the receiving party believes that it has a good-faith basis for challenging the privilege claim, the receiving party shall provide the producing

party with a written explanation of the good-faith basis for the belief that the inadvertently produced documents or materials are not privileged within three (3) business days of the producing party's request for return. The producing party shall respond in writing to the receiving party's timely challenge to the privilege or immunity claim within five (5) business days from receipt of the challenge;

(d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party shall have five (5) business days from receipt of the producing party's written response to the privilege challenge to file a motion, in accordance with ~~any~~ Local Rule 37, ~~applicable standing orders or local rules~~ seeking an order compelling production of the inadvertently produced documents or materials. The receiving party shall not use the substantive content of the inadvertently produced documents or materials to challenge their status as privileged or immune, but may submit the document under confidential seal for the Court's review, provided the Court allows. In the event that a motion is made, the producing party shall have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery;

(e) Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State proceeding.

15. A party may challenge the correctness or propriety of a confidentiality designation of another party by requesting the Court to order a different designation or de-designation. The designating party shall bear the burden of establishing a

[PROPOSED] STIPULATED PROTECTIVE ORDER

need for the designation by a preponderance of the evidence. No party, however, is obligated to challenge the correctness or propriety of any designation of confidentiality under this Order, and any failure to challenge a designation shall not prejudice or preclude a subsequent challenge to that or any other designation. A challenge to a designating party's confidentiality designation shall follow the following provisions:

(a) A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party and complying with Local Rule 37-1. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first; and

(b) A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 37 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

[PROPOSED] STIPULATED PROTECTIVE ORDER

16. All discovery material exchanged between the parties in this litigation, whether designated under the provisions of this Protective Order or not, shall be used solely for the prosecution or defense of the claims in this litigation.

17. If confidential information in the possession, custody or control of a receiving party is sought by subpoena, request for production, interrogatory, or any other form of discovery request or compulsory process of any court, administrative body or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party shall: (i) by the second business day after receipt thereof, give written notice by hand or facsimile or electronic mail of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not produce or disclose such confidential information until the producing party consents in writing to the production, or the receiving party is ordered by a court of competent jurisdiction to produce or disclose the confidential information.

18. Within sixty (60) days after the conclusion of this litigation, including any appeals, all confidential information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the producing party, be destroyed. Opposing counsel shall certify in writing that such material has been destroyed. Notwithstanding the foregoing, outside counsel of record may retain all of their files from this litigation, including, but not limited to, pleadings, correspondence, discovery requests and responses, whether or not such files refer to or include any confidential information designated in this litigation.

19. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information

1 or item on any ground not addressed in this Protective Order. Similarly, no party
2 waives any right to object on any ground to use in evidence of any of the material
3 covered by this Protective Order.

4  20. Confidential information that the producing party considers to be
5 privileged, or subject to the work product immunity doctrine or some other
6 applicable immunity or privilege under the Federal Rules or is not otherwise
7 discoverable, that is dated after the filing of this litigation, is not required to be
8 listed on any privilege log provided by the producing party to the requesting party.

10  21. The restrictions set forth in this Protective Order shall not apply to
11 information or material that:

12  (a) was, is, or becomes public knowledge other than by violation of this
13 Protective Order;

15  (b) is acquired by the non-designating party from a third party having the
16 right to disclose such information or material; or

17  (c) was lawfully possessed by the non-designating party prior to the entry
18 by the Court of the Protective Order.

20  22. This Protective Order shall remain in full force and effect after the
21 termination of this litigation, until a designating party agrees in writing or until
22 canceled or otherwise modified by this Court.

23 SO ORDERED, as amended at paras. 4(b), ¶14(d) and 15(a)+(b).

26 Dated: 5/18/10

United States ~~District Court~~ Magistrate Judge
ROSALYN M. CHAPMAN

- 16 -   [PROPOSED] STIPULATED PROTECTIVE ORDER

APPROVED AS TO FORM:

| | |
|---|---|
| Attorneys for Plaintiffs PITNEY BOWES INC. and PITNEY BOWES SOFTWARE INC. | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**<br><br>Roman M. Silberfeld, Bar No. 62783<br>RMSilberfeld@rkmc.com<br>David Martinez, Bar No. 193183<br>DMartinez@rkmc.com<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Telephone: (310) 552-0130<br>Facsimile: (310) 229-5800<br><br>Jan M. Conlin (*pro hac vice*)<br>JMConlin@rkmc.com<br>Stacie E. Oberts (*pro hac vice*)<br>SEOberts@rkmc.com<br>Sharon E. Roberg-Perez (*pro hac vice*)<br>SERoberg-Perez@rkmc.com<br>~~2800 LaSalle Plaza~~<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>Telephone: (612) 349-8500<br>Facsimile: (612) 339-4181 |
| Attorneys for Defendant and Counter-Claimant ZUMBOX, INC. | YAR R. CHAIKOVSKY (SBN: 175421)<br>ychaikovsky@mwe.com<br>TERRY W. AHEARN (SBN: 216543)<br>tahearn@mwe.com<br>**McDERMOTT WILL & EMERY LLP**<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025-4004<br>Telephone: +1 650 815 7400<br>Facsimile: +1 650 815 7401 |

Dated: May **13**, 2010

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Terry W. Ahearn | David Martinez |
| Counsel for Defendant | Counsel for Plaintiff |

# EXHIBIT A

Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Jan M. Conlin (*pro hac vice*)
JMConlin@rkmc.com
Stacie E. Oberts (*pro hac vice*)
SEOberts@rkmc.com
Sharon E. Roberg-Perez (*pro hac vice*)
SERoberg-Perez@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Attorneys for Plaintiffs
PITNEY BOWES INC. and PITNEY BOWES
SOFTWARE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PITNEY BOWES INC., a Delaware corporation; and PITNEY BOWES SOFTWARE INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZUMBOX, INC., a Delaware corporation,<br><br>Defendant and Counter-Claimant. | Case No. CV09-7373 MMM (RCx)<br><br>**ALLEGIANCE TO PROTECTIVE ORDER** |

## ALLEGIANCE TO PROTECTIVE ORDER

STATE OF _____ )
                               ) ss.
COUNTY OF _____ )

    I, _____, having been retained by _____ in connection with the above-captioned lawsuit (or I, _____, in-house counsel for _____) hereby acknowledge that I am about to receive confidential information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

    I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that confidential information and my copies of notes relating thereto may only be disclosed to or discussed with persons allowed under the Protective Order to receive such information.

    I will return upon request all materials containing confidential information and all copies thereof.

    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

    I make all statements above under penalty of perjury.

_____

Printed name: _____

Company name/address/phone:

_____

_____

_____

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS